Case number 20-5181, Eugene Hudson, Jr. Appellant v. American Federation of Government Employees. Ms. Morton for the appellant, Mr. Sangvi for the appellate. All right, Ms. Morton, whenever you're ready. Good morning, and may it please the court. I'm Kimmy Morton, appearing for Mr. Hudson. I wanted to address an issue that we talked about in our reply brief, and that is whether Local 1923 is composed solely of government employees. As we stated, the district court erroneously ruled that Mr. Hudson is a federal government retiree, and all of the cases cited below involve federal employees. But Mr. Hudson has been a private sector employee and dues-paying member of AFGE and its local affiliates for the past 32 years. So when Local 1923 admitted him in September 2018, we know for a fact they have one private sector employee, which we believe makes it a mixed union, subject to the Labor Management Reporting and Disclosure Act of 1959. And in fact, in our third amended complaint, which the district court denied as moot, we challenged AFGE Local 1923's claim that it is not a mixed union, because they had not produced a list of all of the bargaining units that were represented by Local 1923. We believe the court erred in divesting itself of jurisdiction before ascertaining whether, in fact, Local 1923 is composed solely of government employees, or whether, as we claimed by admitting Mr. Hudson, it is a mixed union, and therefore subject to the act. I don't understand. Secondly. Sorry, could I just ask you about what is the relevance of his private employment? He did work for the union, that's true. But this case arises out of his loss of membership in the union. He became a member of the union because he was employed by the federal government. And when he retired from the federal government, he converted from active membership to retiree membership. So all of these membership issues grow out of his former federal employment. And it wouldn't have mattered a bit if he left the federal government to work for the union or work for General Motors. Well, that's the problem, Your Honor. He never retired from the federal government. He resigned in 1989 from the federal government. And for 32 years, he worked for AFGE in the private sector. He never has, he doesn't have any money paid into the merit personnel system. He can't claim retirement. He's not, the FLRA, which is the agency that interprets the CSRA, found that he's not a government employee, and therefore, they have no jurisdiction over his claims. And of course, the Chevron doctrine requires that you give deference to the interpretation of the FLRA, which has twice said he's not a government employee. That's why it's significant, because as a private sector employee, he cannot bring his claim under the Civil Service Reform Act, because AFGE is not a government agency. Did you raise that issue below, counsel? Yes, oh, yes, we did. But unfortunately, the district court mistakenly ruled that he is a retired federal government employee when he is not. And we made that clear in our complaint, that he is a retired AFGE member, but he's one of a sliver of private sector employees who are able to join AFGE, even though they don't work for the government. That's because AFGE, in its national constitution, has a provision in Article III, Section 1c, that states if you leave the government voluntarily and you go to work for the private sector, you can still maintain your membership in AFGE. That's why, and one of the reasons why, AFGE is a mixed union, because it allows people who have left the government and who are now in the private sector to maintain their membership in AFGE, as does Local 1923. It has the exact same provision in its constitution. Article III, Section 1c is incorporated from the AFGE national constitution into the AFGE Local 1923 constitution. And before they admitted Mr. Hudson, the local contacted AFGE National's general counsel, which we talk about in our complaint, and asked, could they accept his membership? And the general counsel responded that, yes, if your constitution permits it. So once they invoked their constitution and voted him in, knowing he was now a private sector employee, they now represent public sector and private sector employees, and they're a mixed union. They don't, no, they allow him to be a member, but they don't represent him with respect to his employment by the union. Well, they have a duty to represent him and if they're taking his dues every month, he's paying his membership dues just like the government sector employees are. I mean, is there an order from a federal agency certifying a bargaining unit at the union that includes him? He would not be a member of a bargaining unit under any circumstance, because he was a manager when he worked for AFGE. He was an officer and a manager and an employee who would not have been subject to a collective bargaining unit. But he's like other elected officials. Many other elected officials have come in the same way he did. They maintained their AFGE membership after they left the government, pursuant to that provision of the constitution. Ms. Morton, even if we accept your representations that he's not an employee for the purposes of the CSRA, couldn't he bring his claims under section 7120 of the statute, which apply to members of public unions? And under that provision, the Department of Labor has promulgated various regulations incorporating substantively the provisions of the LMRDA. So wouldn't that be an avenue for him to find relief? He filed his claim under that section, but the FLRA dismissed it, saying he was not a government employee. Did he file those claims though with the relevant division of the Department of Labor? He initially, before he went to the FLRA, he filed it with the Department of Labor. The Department of Labor told him they had no jurisdiction. He had to file it with the FLRA. So he filed then with the FLRA and the FLRA also dismissed his unfair labor practice complaint because he was not a government employee. But I draw your attention to the Castellano, the Solis versus AFGE, the Castellano case that we discussed at length in our brief. And in that case, Mr. Castellano, like Mr. Hudson had left the federal government. He had not yet retired from the federal government. And in the interim, he worked as a national representative for AFGE and was a member of AFGE based on article three, section one of the constitution that allowed him to maintain his membership. So he was employed again by the private sector. And the first issue that Judge Bates said in Solis versus AFGE, the first issue he articulated, even though this was brought by the Department of Labor and it's a different case because it was an election dispute. The first issue that Judge Bates raised was whether Mr. Castellano was a member of AFGE. And AFGE acknowledged that if the court found that he was a member under article three, section one C of the constitution, then Mr. Castellano did have a right under LMRDA to go into federal court. That's in their pleadings that they filed in Solis versus AFGE. And we cite to their pleadings in our brief. And that is exactly what Judge Bates found that Mr. Castellano, while he was in that interim position in the private sector, that his rights were, that he was a member under the LMRDA. That's the only analogous case we can find. All of the other cases involve government employees. All of the cases that were cited by Judge Boisvert involve federal employees, which he's not. He hasn't been for 32 years. Okay, Judge Rao, any other questions? Judge Silberman? No. Thank you, Ms. Morton. Mr. Sanghvi. May it please the court. My name is Rishabh Sanghvi and I represent AFGE in this matter. I think the court hit upon the primary argument that AFGE has made in its briefs as well. And that is some background on Mr. Hudson's membership in AFGE. Mr. Hudson is a former federal employee. The appellant does not deny that. And he retained his membership in AFGE as a former federal employee. While he eventually left federal employment, as appellant's counsel has stated, he retained his membership under Article III, Section 1C of the AFGE National Constitution, which allows former federal employees to retain membership. Hudson was also a staff member of AFGE, but he does not and could not genuinely contend that he derived his membership in AFGE based on his status as a staff member. Again, his briefing continually represents that he retained his membership in AFGE as a former federal employee. He was never a member of a bargaining unit as counsel conceded that was represented by AFGE. Thus, his status as a private sector employee is irrelevant to his avenues of redress through the civil service reform. And we'd also note that Hudson didn't actually contend in the briefing below that there was any reason for the court to grant him rights under the LMRDA because of his private sector employment. Hudson did correctly note that he's not a, he did not retire from the federal government, but he never stated his employment at AFGE somehow granted him rights against AFGE as his labor organization. And so we think Hudson waived that argument on appeal. But putting that aside, and I think the court correctly hit on this, the Supreme Court in this court has consistently held that the statute, which is Title VII of the Civil Service Reform Act of 1978, create an elaborate and extensive administrative scheme of review for claims made by individuals and organizations within its coverage. Courts have held that if a remedy for a claim or an avenue of redress for a claim is available under the Civil Service Reform Act, it forecloses district court review of that claim. In Secretary of the Air Force, in fact, this court held or suggested that even if the remedy available under CISRA, the Civil Service Reform Act is not adequate, a plaintiff may still be foreclosed from district court review. The courts in Stedman and Trump found that even constitutional claims are preempted by the statute if, again, you can assert those claims through the statute. And, you know, counsel noted that several of the cases involving Title VII or CISRA preemption discuss complaints against the government. But courts have made clear that complaints such as Mr. Hudson's by a union member against a covered labor organization are also preempted. The Supreme Court in Karaholius did this. So did this court in Stedman, a great decision. And the Eighth Circuit in Reed versus Sturdivant. And all of those cases stand for the proposition that a union member like Mr. Hudson of a covered labor organization must proceed through sister's administrative scheme. And, you know, Hudson asserts the fact that he did file a complaint or a charge with the Federal Labor Relations Authority alleging that some of the claims he alleges here that the FLRA's regional director denied or dismissed that charge. However, there's a couple of points that the district court made that are relevant here. First, as the district court noted, the FLRA regional director's decision wasn't a final decision of the authority and it was appealable. Hudson did not appeal that decision. And that decision did seem like it made the intention with the statute. Next, and even more important is- Could I ask you about that? I'm a little puzzled about how 7120 works. And we've sometimes said jurisdiction is concurrent as between the FLRA and the assistant secretary. We've sometimes said some 7120 claims go one way and others go the other. But, I mean, the most favorable case for Hudson would be the one that his counsel represented, which is he tried to do both and they both rebuffed him. Now, I remember the FLRA track. I don't think that's particularly compelling because that part of the statute is limited to employees, but 7120 may give him an avenue before the assistant secretary under a standard that includes all members. And what's he supposed to do if he tries both and they are all giving him the runaround saying, no, we can't hear this. So first I'd just like to address, so the ULP route under 7116 is actually not limited to employees. So if you look and it's at A110 of the appendix, that's the decision of the FLRA regional director not filing a complaint on Hudson's behalf. He alleged a violation of the statute under three specific provisions of 7116B that apply to employees. However, 7116B8 is extraordinarily broad and it states that any individual can file a complaint against any labor organization based on any violation of the statute. And so Hudson could have under 7116B8 filed an unfair labor practice charge against AHE for violating a variety of different parts of the statute, including 7120. On the theory that 7120 protects all members and the violation of that, I see, okay. And there are other provisions in the statute and we'll talk about equity and things of that nature that he could have asserted there. And again, I think it's important to note that the regional director didn't say that a member of a labor organization cannot file a charge if they're not employee. The regional director said these three specific portions of the statute were not violated because Hudson didn't assert additional portions of statute. And the FLRA has again held that former employees of the federal government are still covered by the statute. In terms of section 7120, that's correct. That was another avenue, section 7120D for Mr. Hudson to have filed a complaint with the Department of Labor. The Department of Labor has promulgated regulations for complaints to be filed in that nature. And I don't believe Hudson had actually filed a complaint under those sections. He sent an email at one point to an employee of the Department of Labor, but he didn't specify any regulations or provisions he thought were violated. If the Department of Labor did for some reason say, hey, we're not gonna file anything for you, we believe Hudson could have still pursued his claims either through 7116B8 through, if the authority chose not to take action, he could have gone through 7123 for appellate review. And again, we don't, I think a larger issue is, again, all of his rights derive from the statute, right? He is not a private sector. He never was a member of AFG through a private sector affiliate. Aside from the statute's existence, he would not have rights against AFG. And so regardless of whether or not there is some relief at the end of the day, any rights he have must be channeled through the statute. And so again, I think we believe the court was correct in finding that his claims here were preempted by the statute's multiple avenues for him to redress these issues against. And I think it's key again here that the local, local 1923 is no longer a party to this case, is not a local covered by the LMRA. It's not a local covered by the LMRDA. The only statute relevant here that it's covered by is the Civil Service Reform Act and these procedures. I can- Can you give us this, do you have a sense of how common Mr. Hudson's situation is vis-a-vis the union? Like where, you know, he was a former federal employee, but now then he was employed by the union and is still a member of the union. I mean, is this, I'm just curious, I guess. So there are many former federal employees who are employed by the union, but an important point there is, Mr. Hudson as well, and I don't know if this was in the briefing, when he was an employee, as opposed to an officer of the union, he was the member, he was a member of a bargaining unit that represented certain employees of the union. However, that's a separate membership. That wasn't his membership in AMGE. That was his membership in Communication Workers of America. You know, and that was when he was an employee again of the union in a bargaining unit that represented employees with the union as an employer. But, you know, there's a handful, maybe like 50 employees who this may, these similar circumstances may apply to in that sense. Again, I know my time is up, but if the court wants me to elaborate on our arguments regarding the application of the LMRA, I'm happy to do so. My colleagues have questions. No. All right, well, we'll take that on the papers. Ms. Morton, we'll give you two minutes. Your honors, section 7116B8 is just a catch-all section. Our understanding is it still applies to agency employees and not employees of AMGE. We also would like to discuss briefly the argument under Woodell versus IBEW in which the Supreme Court held that individual union members are the beneficiaries of provisions of the collective bargaining agreement may bring suit under 301 of the Labor Relations Management Act of 1947. And since Mr. Hudson's claims are that his rights to be a member were violated and were guaranteed by the AFGE constitution, that constitution constitutes a third-party beneficiary contract, which he has the right to enforce in federal court. That is the argument we're making on that point. And we believe that that argument should prevail even if the court believes that Local 1923 does not represent private sector employees. We also feel very strongly, and we'd like to reiterate that Local 1923, in fact, did consider the fact that Mr. Hudson was not working for the government when they admitted him as a member. And therefore realized they were admitting him as an employee of AFGE. We believe that of their 5,000 members, there are probably other members like him who fall into this very narrow category and that he should have a right that should be protected under the LMRDA to go into federal court. Thank you, Mr. Bidfine. Go ahead, Judge Silver. Would I ask counsel for the appellee to respond to the 301 argument? Sure. Yes, so initially I'd state on the 301 argument that preemption still applies, right? This is a claim that Mr. Hudson could have addressed through the Civil Service Reform Act. And so his claim would be preempted. Putting that aside, we don't believe in this, I don't believe this court or any other circuit has applied Section 301 to mixed unions. The court decision that Hudson relies on was a case in which Hudson himself was suing AFGE as an employee of AFGE and claiming he was a third-party beneficiary of AFGE's affiliations with private sector labor organizations who would be covered by the LMRA. First of all, we think that's a completely different scenario to the situation here where Mr. Hudson is pursuing a claim based on his membership in a purely public sector labor. It doesn't have anything to do with his status as an employee but even putting that aside, 301 has never been applied to mixed unions and for good cause. The case of this court that applied the LMRDA to mixed unions, Weilberger, took into consideration a couple of factors when applying the LMRDA to mixed unions. Initially, the court relied on a Department of Labor regulation that said the LMRDA should apply to mixed unions. No such regulation is there for the LMRA or for Section 301. Next, the court in Weilberger relied on the purpose of the LMRDA. The LMRDA was enacted to root out, as Congress said, union corruption at the top, right? And so the court reasoned, if you're in a mixed union like AFGE, whether you're a member of a private sector affiliate or you're a member of a public sector affiliate, your leaders at the top of the organization are the same. And so for consistency, both the private sector and public sector employees should be able to pursue claims against those leaders. So those were the reasons the court in Weilberger held that the LMRDA was applicable to mixed unions. That does not translate to Section 301. The contracts of private sector affiliates and the contracts of public sector affiliates of a mixed union are different in nature because they're governed by different laws. The public sector affiliates of AFGE are governed by the Civil Service Reform Act. The private sector affiliates are governed by the NLRA. So there's a big difference there. There's also, in the instant case, there's the issue of Mr. Hudson's, the contractual right he's trying to vindicate is the alleged contract between AFG Local 1923 and AFGE, that affiliation as it's encapsulated in the international agreement. AFGE Local 1923 is not a labor organization under the Taft-Hartley Act of Section 301. So there's really no contract between labor organizations that he's trying to vindicate here. So I think that's- Because it involves public sector. Correct. All right, thank you. May I respond, please? Ms. Morton, you are supposed to have the last word. So I'll give you a minute just on the 301 issue, please. One of the arguments we made at the 301 issue was that the National Union's president coerced and encouraged and supported the local's decision. And that is why we have jurisdiction under that provision of the LMRA. It wasn't just the local that made the decision. Mr. Cox had a demonstrated bias toward Mr. Hudson and he did not intervene to stop the wrongful termination of his membership after the Department of Labor determined he had paid his dues. And he did that because he wanted him out as a competitor. And so that's why we believe we have jurisdiction  Thank you. The case is submitted.
judges: Katsas, Rao, Silberman